AWERKAMP & BONILLA, PLC
6891 N. Oracle Rd., Suite 155
Tucson, AZ 85704-4287
(520) 798-5282

Don Awerkamp (SBN 007572)
da@abdilaw.com
Ivelisse Bonilla, (SBN 023594)
ib@abdilaw.com
Shannon Giles (SBN 018786)
sg@abdilaw.com

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Guadalupe Soto Sanchez,<br><br>　　　　　Plaintiff,<br>　vs.<br>Citizen Employee Leasing, LLC,<br><br>　　　　　Defendant. | No.<br><br>**COMPLAINT**<br><br>**(Jury Trial Requested)** |

Plaintiff, Guadalupe Soto Sanchez, individually and on behalf of all others similarly situated, for his Complaint against Citizen Employee Leasing, LLC ("CEL"), alleges as follows:

**NATURE OF THE CASE**

1.　This action is brought against Defendant CEL for its deliberate failure to pay its employees earned overtime compensation in violation of the Fair Labor Standards Act ("FLSA").  This lawsuit is brought as a collective action under the FLSA to recover unpaid overtime owed to Plaintiff and all other similarly situated CEL employees.

**JURISDICTION AND VENUE**

2. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because of the Federal question presented by virtue of the fact that Plaintiff is bringing a claim under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* (the "FLSA").

3. The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. Jurisdiction over Plaintiff's FLSA claim is also based upon 29 U.S.C. § 216(b).

4. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because Defendant conducts business in this District and because Defendant failed to pay Plaintiff and other similarly situated employees overtime for services performed in Arizona.

**PARTIES**

5. Plaintiff Guadalupe Soto Sanchez is, and at all relevant times has been, a resident of Tucson, Arizona. Plaintiff's Consent to Become a Party Plaintiff pursuant to 29 U.S.C. § 216(b) is attached hereto as Exhibit A.

6. Defendant CEL, is a limited liability company, organized under the laws of the State of Arizona, and with its principal place of business in Nogales, Arizona.

7. Defendant CEL has two or more employees engaged in handling, selling, or otherwise working on goods that have been moved in or been produced for commerce, and it is a business whose annual gross sales are not less than $500,000.

**GENERAL ALLEGATIONS**

8. Defendant hired Plaintiff in November of 2005.

9. Defendant is in the business of leasing employees, including Plaintiff and others, to other companies to perform services.

10. Between approximately November of 2005 through March of 2016, CEL assigned Plaintiff to provide driving services for MTD Southwest, Inc. ("MTD").

11.     MTD is a worldwide leader of outdoor power equipment with facilities in Europe, North America, Asia and Australia producing equipment for both residential and commercial markets, including distribution of products throughout South America.

12.     MTD products can be found in all channels of distribution such as home improvement stores, hardware stores, mass retailers, independent dealers and farm supply stores around the world.

13.     At all relevant times, Defendant had a contract with MTD and under the contract, MTD leased employees of Defendant, including Plaintiff and other similarly situated employees.

14.     Under the contract with MTD, Plaintiff provided driving services, among other duties, to MTD.

15.     Plaintiff was a driver and moved goods produced by MTD to be distributed throughout the United States and the world.

16.     Plaintiff, and other employees similarly situated, completed a Driver's Time Record on a monthly basis.

17.     Defendant invoiced MTD for the hours spent by Plaintiff and other similarly situated employees.

18.     MTD paid Defendant for Plaintiff's, and other similarly situated employees' hourly rate, and for overtime wages.

19.     Defendant charged MTD for overtime worked by Plaintiff and other similarly situated employees, and therefore, knew that Plaintiff and other similarly situated employees were entitled to overtime compensation.

20.     Notwithstanding the fact that Defendant was paid by MTD for Plaintiff's overtime, Defendant failed to pay Plaintiff and other similarly situated employees overtime for the time worked over 40 hours a week.

21. Defendant willfully failed to pay overtime compensation to Plaintiff and other similarly situated employees in order to save payroll costs.

22. Defendant enjoys ill-gained profits at the expense of its hourly employees.

## COLLECTIVE AND CLASS ALLEGATIONS

23. Plaintiff brings his claim for relief, the FLSA claim, as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b).

24. The FLSA claim may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

25. Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging Defendant's deliberate failure to pay its employees for all hours worked, including overtime compensation.

26. The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from the records of Defendant's payroll, and potential class members may easily and quickly be notified of the pendency of this action.

## CLAIM FOR RELIEF

### Violation of the FLSA

**(Brought against Defendant by Plaintiff Individually and on Behalf of All Others Similarly Situated)**

27. Paragraphs 1 through 26 are incorporated in this claim as though fully set forth herein.

28. At all material times, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq*.

29. The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

30. Defendant is subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in interstate commerce and its employees are engaged in commerce.

31. Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions apply to Plaintiff or other similarly situated employees.

32. Plaintiff and all similarly situated employees are entitled to damages equal to the mandated overtime premium pay within the three years preceding the filing of this Complaint, plus periods of equitable tolling, because Defendant acted willfully and knew, or showed reckless disregard of the fact, that its conduct was prohibited by the FLSA.

33. Defendant did not act in good faith nor with reasonable grounds to believe that its actions and omissions were not in violation of the FLSA, and as a result, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay described pursuant to Section 16(b) of the FLSA, codified at 29 U.S.C. § 216(b).

34. Alternatively, should the Court find that Defendant did not act willfully in failing to pay overtime pay, Plaintiff and all similarly situated employees are entitled to overtime pay and an award of prejudgment interest at the applicable legal rate.

35. As a result of Defendant's willful violations of the FLSA's overtime pay provisions, Defendant has unlawfully withheld overtime compensation from Plaintiff and all similarly situated employees.

36. Accordingly, Defendant is liable pursuant to 29 U.S.C. § 216(b), for, together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and costs of this action.

**REQUEST FOR JURY**

37. Plaintiff requests a trial by jury to the fullest extent permitted by law.

**RELIEF SOUGHT**

WHEREFORE, Plaintiff and all similarly situated employees demand judgment against Defendant as follows:

 (a) For compensatory damages;

 (b) For liquidated damages;

 (c) For attorneys' fees and costs as allowed by Section 16(b) of the FLSA;

 (d) For pre-judgment and post-judgment interest as provided by law; and

 (e) For such other relief as the Court deems fair and equitable.

Any other equitable relief this Court deems appropriate and just.

RESPECTFULLY SUBMITTED this 15th day of August, 2016.

      AWERKAMP & BONILLA, PLC

      By /s/ Ivelisse Bonilla
       Ivelisse Bonilla
       Shannon Giles
       *Attorneys for Plaintiff*