# EXHIBIT A

Exhibit A

## AGREEMENT FOR SETTLEMENT AND RELEASE OF FLSA CLAIMS

This Agreement for Settlement and Release of FLSA Claims (the "Agreement") is entered into as of __May 18__, 2017, by and between GUADALUPE SOTO SANCHEZ ("SANCHEZ") and CITIZEN EMPLOYEE LEASING, LLC. ("CITIZEN").

### RECITALS

A. WHEREAS, SANCHEZ filed a lawsuit against CITIZEN on August 15, 2016, currently pending in the United States District Court for the District of Arizona, entitled *Guadalupe Soto Sanchez v. Citizen Employee Leasing, LLC.,* and bearing Case No. 4:16-cv-00540-DCB ("Lawsuit"); and,

B. WHEREAS, SANCHEZ's Complaint was brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA") seeking overtime pay allegedly owed to him and similarly situated employees by CITIZEN, together with compensatory and liquidated damages, attorneys' fees and costs, prejudgment and postjudgment interest, and other relief deemed appropriate by the Court; and

C. WHEREAS, SANCHEZ and CITIZEN (collectively the "Parties") negotiated a settlement effective March 15, 2017; and,

D. WHEREAS, the Parties desire to resolve the claims asserted in the Lawsuit on the terms set forth in this Agreement, with the Court's approval of the terms of settlement and release pursuant to the requirements of the FLSA;

NOW THEREFORE, in consideration of the mutual promises made herein, the Parties agree as follows:

### AGREEMENT

1. **CITIZEN's Obligations:** CITIZEN shall pay SANCHEZ the total sum of TEN THOUSAND AND NO/100 DOLLARS ($10,000.00) ("Settlement Payment") in three separate checks, within ten (10) days of receiving this Agreement signed by SANCHEZ, as follows:

   a. The first check will be payable to SANCHEZ as and for unpaid overtime wages[1] in the amount of THREE THOUSAND FIVE HUNDRED DOLLARS ($3,500.00), less the required withholdings. This portion of the settlement will be reported to the

---

[1] CITIZEN denies owing SANCHEZ overtime wages but, for purposes of settlement and this Agreement only, CITIZEN agrees to the specified amount of the Settlement Payment being allocated as the unpaid overtime wages sought by SANCHEZ in the Lawsuit.

1

Internal Revenue Service on a form W-2, which CITIZEN will provide to SANCHEZ by January 31, 2018.

b. The second check will be payable to SANCHEZ as and for liquidated damages[2] in the amount of THREE THOUSAND FIVE HUNDRES DOLLARS ($3,500.00). CITIZEN will report this portion of the settlement to the Internal Revenue Service on a form 1099-MISC as "other income" on line 3, which CITIZEN will provide to SANCHEZ by January 31, 2018.

c. The third check will be payable to the firm of Awerkamp & Bonilla, PLC for attorney's fees in the amount of THREE THOUSAND DOLLARS ($3,000).

d. In addition, CITIZEN agrees to attach a note to SANCHEZ's employment file clarifying that its customer, MTD Southwest, to which SANCHEZ was leased as an employee, had requested his removal from its job and Citizen did not have other employment for SANCHEZ.

2. **SANCHEZ's Obligations:** SANCHEZ agrees and affirms as follows:

a. The settlement consideration described in the preceding paragraphs 1(a-c) comprises the full and complete settlement of SANCHEZ's claims for alleged overtime pay or any other damages against CITIZEN.

b. SANCHEZ understands and agrees that the foregoing payments shall constitute the entire amount of monetary consideration provided to him under this Agreement, and agrees that he will not seek any further compensation for any other claimed damage, costs, expert witness fees, or attorneys' fees in connection with the matters encompassed in this Agreement. SANCHEZ further acknowledges and agrees that he has been paid in full for all sums due him as wages, liquidated damages, bonuses or other compensation for the entire period of his employment by CITIZEN and/or has compromised those claims as part of this Agreement.

c. SANCHEZ acknowledges and agrees that CITIZEN has made no representations or warranties, or promises of any kind regarding the tax consequences of any amounts received by him pursuant to this Agreement. SANCHEZ agrees to pay federal or state taxes, if any, which are required by law to be paid with respect to the Settlement Amount, or any portion thereof.

---

[2] CITIZEN denies that SANCHEZ would have been entitled to liquidated damages had the case proceeded resolution through litigation but, for purposes of settlement and this Agreement only, CITIZEN agrees to the specified amount of the Settlement Payment being allocated as the liquidated damages sought by SANCHEZ in the Lawsuit.

3. **Court Approval of Settlement:** The Parties agree that, following their execution of this Settlement Agreement, they will, through counsel, submit a Joint Motion for Court Approval of Settlement and Dismissal with Prejudice of the Lawsuit, furnishing the executed Settlement Agreement to the Court for its review. In the event the Court does not approve this Settlement Agreement, SANCHEZ agrees to work in good faith with CITIZEN, through the Parties' respective counsel, to amend or revise the Settlement to meet the requirements of the Court without increasing the total Settlement Amount CITIZEN owes to SANCHEZ in settlement.

4. **Release.** SANCHEZ, on behalf of himself and his representatives, agents, heirs, successors and assigns, releases CITIZEN, its principals, employees, directors, officers, representatives, affiliates, agents, representatives, heirs, successors and assigns from any and all claims, causes of action, obligations, damages, and liabilities that arise from or relate in any way to the events, acts or omissions that gave rise to the claims SANCHEZ asserted against CITIZEN in the Lawsuit that is the subject of this Agreement, including all claims he has or may have for unpaid wages, compensatory and/or liquidated damages based upon the Fair Labor Standards Act, together with claims for attorneys' fees and costs.

5. **Indemnification.** SANCHEZ shall protect and indemnify CITIZEN against any and all liens, subrogation claims, and other rights that may be asserted by any person against the Settlement Amount.

6. **No Admission of Liability.** SANCHEZ understands and acknowledges that this Settlement Agreement constitutes a compromise and settlement of disputed claims and that no action taken by CITIZEN in connection with this Settlement Agreement shall be deemed or construed as an admission by CITIZEN of any fault or liability to SANCHEZ or to any third party pursuant to the FLSA.

7. **Representations and Warranties.** The Parties represent and warrant that (a) they have the full power and authority to enter into this Settlement Agreement, and (b) they have not sold, assigned, transferred, conveyed, hypothecated, encumbered, or otherwise disposed of an interest in any of the claims or demands relating to any subject matter covered by this Settlement Agreement.

8. **Attorneys' Fees.** Other than as specifically provided in Paragraph 1(c) above, all Parties shall bear their own costs and attorneys' fees incurred in connection with the Lawsuit or its resolution. If either SANCHEZ or CITIZEN brings an action against the other or otherwise seeks to enforce this Settlement Agreement by reason of the breach of any covenant, warranty, representation, or condition of this Settlement Agreement, or otherwise arising out of this Settlement Agreement, whether for declaratory or other relief, the prevailing party in such suit shall be entitled to its costs of suit and attorneys' fees.

9. **Counterparts.** This Settlement Agreement may be executed in partially executed counterparts, each of which shall be deemed an original and shall bind the signatory, but all of which together shall constitute but one and the same instrument. A faxed or electronic copy of the signed Agreement shall be deemed an original or the equivalent thereof and shall be as enforceable as the original.

10. **Severability.** In the event that any provision hereof becomes or is declared by a court of competent jurisdiction to be illegal, unenforceable, or void, this Settlement Agreement shall continue in full force and effect without said provision.

11. **Entire Agreement.** This Settlement Agreement is the entire agreement and understanding between the Parties. The Parties further agree that this Settlement Agreement may not be altered except in a writing duly executed by the Parties.

12. **Applicable Law.** Construction, performance, and enforcement of this Agreement shall be governed by Arizona law, except to the extent that specific portions hereof require application of federal law construing the FLSA (29 U.S.C. § 201, *et seq.*).

13. **Ambiguity.** Each of the parties hereto has been represented by counsel in the negotiating and drafting of this Agreement. Accordingly, the rules of construction of contracts relating to the resolution of ambiguities against the drafting party shall be inapplicable to this Agreement.

14. **Voluntary Execution of Settlement Agreement.** The Parties enter into this Settlement Agreement voluntarily and without any duress or undue influence on the part of or on behalf of the Parties hereto, with the full intent of releasing all claims stated or attempted to be stated in the Lawsuit hereby being settled. The Parties acknowledge that:

   (a) They have read (or have had read to them in a language they fully understand) this Settlement Agreement;

   (b) They have been represented in the preparation, negotiation, and execution of this Settlement Agreement by legal counsel of their own choice;

   (c) They know and understand the terms and consequences of this Settlement Agreement and of the releases it contains; and

   (d) They are fully aware of the legal and binding effect of this Agreement.

IN WITNESS HEREOF, the Parties have executed this Agreement on the respective dates set forth below.

Accepted by and on behalf of Citizen Employee Leasing, LLC

5-22-17
Date

_____
Authorized Signatory of
Citizen Employee Leasing, LLC

Accepted by Guadalupe Soto Sanchez, who affirms that he has read, or has had translated into the Spanish language and read or has had read to him, this Agreement, of which he acknowledges his understanding.

5-18-17
Date

_____
Guadalupe Soto Sanchez

Agreement read and approved as to form and substance by counsel representing Mr. Sanchez.

5-18-17
Date

_____
Ivelisse Bonillas or Shannon Giles
Awerkamp, Bonilla & Giles, PLC

5